Please the court. My name is Teresa Wong, and I represent the United States. This court should vacate George's probation sentence because it was procedurally and substantively unreasonable. And it was it became even more unreasonable when the district court terminated George's probation early at 21 months while this appeal was pending. We're just entered this procedurally unreasonable because the district court relied on clearly erroneous facts to very downward 19 offense levels to sentence George to 48 months of probation. The court imposed a probation sentence primarily based on its finding that George pulled Miss Doolittle from the police car with force but that he didn't throw her on the ground. Instead, the court found that she fell because George lost his grip on her. These findings were inconsistent with the indictment, the evidence that the government presented at trial, George's defense, the jury instructions, and most importantly, the jury's guilty verdict. Okay, what about the fact that the jury found him acquitted him on the obstruction, essentially finding that he didn't lie? When he said that she fell to the ground on his report? An acquittal on the 1519 count tell tells us nothing about what the jury found. Under United States versus Powell, the Supreme Court said that an acquittal doesn't tell us anything. And and I think because of that, we have no idea why the jury acquitted on that count. That acquittal has no relevance to this appeal. What we do know is that the jury convicted on the 242 count and to fight to to commit on the 242 count, the jury had to find that George acted intentionally and voluntarily. I'm just going back to the evidence that that was presented at trial. This actually provides a clear idea of like what the choice was for the jury. At trial, the jury watched a powerful video showing George pulling Miss Doolittle from the police car and throwing her face first on the ground in one fluid motion. It's clear from the video that this was not accidental. He didn't try to break and I've seen the video too. It was it wasn't just face first on the ground at his feet. It's she flies several feet in the air, correct? That is correct. And then there was testimony at the trial, including, you know, this video where the the veterans expert said he threw George through Miss Doolittle on the ground with so much force that she bounced on the ground and rolled away from him. So this was a very powerful video. And the jury also heard testimony from that expert witness, the law enforcement trainer and Georgia supervisor, both who both watched the video and testify that Miss Doolittle, George threw Miss Doolittle on the ground. In his defense, George argued, can I ask you? I'm sorry, counsel, can I ask you a question that I've been sort of wrestling with and the way you just presented your case made me think of it. So there are two possible errors that the two reasons this finding might have been erroneous. One is that it's contrary to the jury verdict and one is that it's contrary to the evidence, just manifestly contrary to that video. Are those all related inquiries when we think about whether it was inconsistent with the jury's verdict? Do we sort of take into account that we know the jury watched this same video so we kind of know what the jury was thinking? I think they are entirely separate. No, I think they are related. That's a very good point because the case that the government put on and the defense that George put on actually gave the jury a choice. It was either he acted intentionally willfully or he lost his grip on Miss Doolittle. Miss George's attorney actually summarized the choice for the jury in his closing. He told the jury that the question in this case was black and white. Is this a throw down? He's charged with a slam. Was it a slam or not a slam? Period. Was it a slam? Is this throwing of a body? Yes or no? The jury instructions presented the same choice to the jury. The instructions charged that to find willfulness, the jury had to find that George acted intentionally and voluntarily with a specific intent to do something that the law forbids. The district court also instructed the jury that the parties had stipulated that this offense resulted in bodily injury. George didn't challenge these jury instructions. So the choice for the jury was either to convict if George acted intentionally voluntarily or acquit if it found that George lost his grip. The jury wasn't given any instructions about a third option of isolating the slamming and finding, you know, a partial pulling and falling scenario that the district court had. So implicit in the jury verdict was the jury's finding that George acted intentionally and voluntarily and his rejection of George's argument that he lost his grip on Miss Doolittle. Indeed, the district court's facts wouldn't have resulted in a guilty verdict here, given the jury instructions and the jury's rejection of George's identical argument. Therefore, Miss Quam, if we find that the sentence was procedurally unreasonable, do we have to go to the substantive reasonableness? You don't have to. But it may be a good idea to do that because what the district court did while this appeal was pending, the district court went ahead and terminated George's probation early. But again, you don't have to. So on that then, if we vacate the sentence, is there an argument that we should remand this to a different judge? We don't have a position on that, but we leave that to the court's discretion. Can I ask a question bearing on that is, am I understanding right that while this appeal was pending, the district court cut the probation back to 20 months? Did the government brief and argue that? Or did the district court do that before the government responded? It was the latter. George filed his sent a pro se request for early termination to the district court. We were not docketed that letter. Within three days, the court issued the order granting early termination. So the government didn't have an opportunity to file a reply. So based on how the district court's findings are inconsistent with all these parts of the case, we urge that the George's sentence was also substantively unreasonable, because it did not reflect the seriousness of his offense or provide deterrence for other officers to not use unreasonable force. And as I said, with the early termination of probation, his sentence is even more substantively unreasonable today than it was on the day that he was by itself rendered the sentence substantively unreasonable, because it permeated the court's consideration of the nature and circumstances of the offense, whether the sentence reflected the seriousness of his crime, and the need to avoid unwarranted sentencing disparities. The district court also failed... This was 100% variance. You don't see that often, do you? Well, we do, especially in this kind of case where the victim was restrained during the unreasonable use of force, and also George caused serious bodily injury to Ms. Doolittle. The sentencing guidelines recognize how serious this offense was, because it added five levels, because it resulted in serious bodily injury. It added another two levels, because she was restrained, and also... And FLE didn't object to the serious bodily injury in the pre-sentence report, did he? I think he did actually try to say that it resulted in bodily injury, not serious bodily injury. I'm sorry, I mean the description of what happened, the factual description. No, he didn't. George did not object to the description of the relevant offense conduct that the district court, in the PSR, that the district court objected to. I also wanted to say that the district court failed to articulate how a non-custodial sentence here would provide deterrence to other police officers not to use unreasonable force. General deterrence is particularly important in a case like this, where there was a substantial downward variance. But even aside from all that... I'm sorry, counsel, can I ask a question about deterrence? It's another record question. Am I right that this incident came to light because it was reported up by someone else on the force who saw this video? Is that what happened? It is. So what happened was that George filed his report about this incident, and he apparently needed a supervisor to sign off on it, but he signed off on it himself. And then when his captain looked at the report and then looked at the video, he saw a disparity between how the incident was described in the report and what the video showed. So he brought it up to the police chief and then they referred it for investigation. Well, I don't know if this falls under deterrence exactly, but ought we take account of the effect of a probation-only sentence and the message it would send on the willingness of other police officers to come forward in the face of abuse like this? I mean, isn't that going to be a deterrent for other officers to come forward if the judge effectively says, like, it just was not a very big deal? I'm sorry, can you repeat that? Yeah. Should the sentencing calculation consider that if this officer gets this enormous downward variance and a probation-only sentence, other officers like the captain in this case are going to be less likely to bother coming forward when they have information like this about potential police abuses? Well, I think that would have a chilling effect. Like, why bother to do this if the officer is just going to get probation? Is that something a sentencing judge can appropriately take account of? I think it should, just because you're talking about general deterrence of other officers who would commit unreasonable force, and then also other officers who would report on that. So I think that actually would be a valid consideration here. So let me ask, let me go back to the question on substantive reasonableness. I assume you would like a finding on that, that it was substantially unreasonable. I guess, in order to send a message to the judge who does a resentencing, if we so find, is that your point? I think that would be a good idea here, but we leave it to the court's discretion. It was unusual to have the probation terminated early while our appeal of the sentence was pending. Well, just getting back to substantive reasonableness, the court's remaining reasons for this sentence just were not sufficiently compelling to justify a 19-level downward variance, because most of the factors he identified were common circumstances and collateral consequences of a felony conviction that you find in virtually almost every 242 case. They're hardly, they're not sufficiently compelling to justify, to take this case outside of the heartland of 242 cases. Accordingly, this court should vacate George's sentence because it was substantively unreasonable, because it just ultimately didn't reflect the seriousness of this crime and didn't provide deterrence for other officers, and it was made even more substantively unreasonable with the probation termination. Unless there are questions, I will reserve the rest of my time for rebuttal. Do either judge have a question? All right, thank you, Ms. Wong. Mr. Carpenter. Thank you, Judge Floyd, and may it please the court. Both of the government's arguments in this case, both procedural and substantive, are based on the premise that there is only one permissible view of the evidence, so that the jury could have convicted on count one only if it believed that Mr. George intentionally threw Mr. Little to the ground. But that premise isn't consistent with the jury instructions, the evidence, or the government's own closing arguments in this case. I want to start with the jury instructions because I think they set out what my friend alluded to. She suggested that the instructions didn't permit a third option, but in fact they very much do. If you look at the second element of the offense of conviction at Joint Appendix page 459, the prosecution was only required to convince the jury that Mr. George, quote, used more force than reasonably necessary under the circumstances. And they further instructed that force is unreasonable or excessive if it is used, quote, for the purpose of punishment or retaliation. Based on these he jerked her out of the car more forcefully than necessary, even if he didn't intend to throw her down to the ground. And so when we think about this instruction and we review the evidence in light of it, I think it's important to break the use of force sequence down. But it's not our role to second guess or to try to divine why the jury convicted on count one and acquitted on count two, is it? You're exactly right, Judge Thacker. It's not your role to speculate about what the jury most likely thought. But what is important about the acquittal on count two is that if there is a view of the facts under which the two jury verdicts can be harmonized, then the district court in its discretion as fact finder has the authority to adopt that view of the facts. And unreasonable. So, Your Honor, that shifts, I think, to obviously the substantive reasonableness question. And I think the key point there is you're only going to reach that issue if you accept the district court's findings that the conduct was accidental. In other words, if you well, not necessarily, counsel, we could just reach it in the alternative. So let me ask you the question like this. Let's assume hypothetically for a minute that this judge could find that the jury could have convicted on the theory that the officer sort of maliciously and excessively yanked this woman out of the car and then unintentionally, but clearly foreseeably, the result was extremely serious injury to this woman. So he abused his public trust, used excessive force maliciously to punish someone for being mouthy, and the predictable result is she undergoes extremely serious injury. Even on that account, how is this sentence not substantively unreasonable? We punish people all the time if they do something intentionally that is likely to result in injury, and it does result in injury. So, Your Honor, I think there are a couple of key points I would like to make in response to that question. The first is that an imprisonment sentence is not the only way to signal that an offense is serious. If we look across the spectrum of these cases, police use of force cases, the vast majority of them, even when injuries occur, never get charged. And so the fact that this was not only charged but resulted in a felony conviction with all of the attendant consequences is an important way to signal the seriousness of this offense as compared to others. The second point I would make is that I of police officers who use force and who do not face adequate consequences. We are typically, the public, as I understand it, is typically comparing what punishment the police officer would receive for this conduct compared to the punishment that an ordinary citizen would receive if they had engaged in similar conduct. Here, if an ordinary citizen had engaged in an assault resulting in this kind of injury, it very likely would have resulted in a state court disposition without a sentence of imprisonment. Counsel, I don't know how the public is comparing things, but I thought we are taking account of the fact that this police officer was a police officer and abused the public trust in committing this crime. I mean, he's not an ordinary person who gets into a bar fight. He's someone who's able to use the coercive power of the state to put this woman in then pick her up and either foreseeably or accidentally use excessive force maliciously in a way that results in her extremely serious injuries. That's not a bar fight. Your Honor, I agree with that and I acknowledge that many of us, maybe the members of this panel, might have reached a different conclusion if they had weighed these 3553A factors in the first instance. Mr. Carpenter, where would you put this on the continuum? Is it accidental, reckless, or intentional? So, Your Honor, I think I would put it where the district court put it, which is that with respect to the first piece of the use of force sequence, when he extracted her from the car, that was clearly deliberate. There is no doubt that he was using force intentionally to jerk her out of the car. But when it comes to the second piece, the slam to the ground, I think the court was correct to find that he was not doing that intentionally, that his result was not to slam her down. That occurred as the result of the slip. And when you accept that as the factual finding, it puts this on the less culpable spectrum of use of force offenses because the officer who is intentionally, deliberately inflicting injury with the intent to harm someone, that is a more serious offense deserving of more serious punishment than the circumstance here, where the district court found, as a matter of fact, based on a permissible interpretation of the record evidence, that the fall and the injuries were sustained accidentally or recklessly rather than intentionally. So, I think that's a key piece of the substantive reasonableness calculus, is the judge reasonably viewed this conduct as on the lesser end of the culpability spectrum. Well, on the lesser end of the culpability spectrum argument, looking at the Sentencing Commission variances for assaults, just basic assault for 2020, the average percent decrease or variance was 35% decrease, with a median decrease in months of 12 months. This was a 100% decrease, maybe more if you count this lenient off probation early, if you can have more than 100% decrease, with a variance of, his guidelines were 70 to 87 months. So, this is wildly disproportionate to anything that would or that has happened, according to the statistics, to other people convicted of assault. This goes back to your point of how it's different. It's so serious for him because he was convicted of a federal felony. So, your honor, does that not change your argument? No, your honor, it doesn't. But I think it raises a key point, which is that the argument that he was on the lesser end of the culpability spectrum is only one of the reasons that the court provided. The district court also said that another reason was the very high amount of restitution that he was going to have to pay, over $20,000, considering his current financial situation. But then I'm of indigency for that. And yet, in a year and a half, he was able to pay back over $20,000 in restitution, for which the court then gave him early release from probation. You don't have to comment on the affidavit part of that. And the fact that he has a federal public defender, maybe the government would like to comment on that. But isn't that something we should take into account? So, your honor, I will acknowledge the affidavit part precedes my involvement. And I don't have anything intelligent to say about it, just because I don't know. But the thing that I think your question raises is actually an important point. And this is the second piece, or the second reason that the district court judge gave in support of his variance, is that his post-offense conduct had been exemplary. So, while Mr. George lost his job as a police officer and then lost a second job upon conviction, he immediately tried and did succeed in finding additional employment. And so, the judge, quite reasonably under 3553A, is entitled to give weight to the fact that rather than sit on his couch, Mr. George got out and worked and earned a living and earned the ability to pay this restitution. So, I actually think the fact that he was able to pay the restitution back in 20 months is a factor that very much weighs in his favor. Because if the court had imposed a custodial sentence and put him, it would have taken away his ability to earn that money, Ms. Doolittle would not have received her restitution in the timely fashion that she did. It just seems he could also have paid for his own counsel then as well, rather than have an assistant federal public defender. But that's, I understand, far afield of what we can address today. It is, your honor. And I would acknowledge, I think the key point there to keep in mind is that this proceeding went on for a very long time. So, it could well be that at the time he filled out that affidavit, he, I believe, may have been unemployed at that time and then subsequently began to earn money. At which point the appointment was never revisited by the judge or by the government. But again, so that is the second, I think, key factor that the district court considered that supports a significant downward variance. The third one is that he had, I think it was So, he had been serving as a police officer for, I think it was 15 or 17 years, and the government never alleged that he had in the past engaged in any other use of force incidents that had been a problem. He had attained the rank of sergeant and was proffered by his defense counsel, uncontested by the government, that he had an unblemished record. That is a factor that the district court was also permitted to rely on to say that a variance is appropriate. Because as we pointed out in the briefing, that makes him an outlier from the mind run of excessive force cases where typically by the time an event like this occurs that involves injury, the police officer has a history of incidents that have gone unaddressed. So, the court could rely on that factor as well. And so, when you combine the full set of factors together, it is enough to support the variance in our view. I would point out to the court that we can use percentages or levels to describe the variance as particularly large, but another way to look at it is this was a 70-month variance. And in the past three months, this court has affirmed variances of 125 months, 111 months, and 69 months in cases going back three months. Wiping out the entire sentence? Are there are we have affirmed something where the guidelines called for imprisonment and the district court wiped out the guidelines entirely and gave the defendant probation and then chopped and then cut the probation time in half too? So, your honor, I don't know of a case that fits that fact pattern exactly, but the point I would emphasize to the court is that this court's should not be asymmetrical. It shouldn't be that upward variances that give defendants a great deal more time are subject to light variance and almost or light deference and almost inevitably affirmed, whereas a downward variance that gives a defendant a break from the guidelines range is subject to more rigorous scrutiny. If substantive reasonableness is going to be more searching, it should apply across the board. But this court for more than a decade since has engaged in a very deferential review of substantive reasonableness, which is compelled by Gaul saying that the appellate court's role is not to re-weigh the 3553A factors. Again, each and every one of you may well have given him significant prison time, but the district court judge here who had 30 plus years of experience on the bench was entitled to weigh the factors as he did. Nothing that he did rises to the level that the court of substantive reasonableness. I guess I do hear what you're saying, but just assume hypothetically that in reading this transcript, I think the district court judge, first of all, gave undue weight to rather unexceptional collateral consequences. He said that because this person, I'm sorry, I shouldn't say this person, because Mr. George couldn't own a weapon, he might as well just be a subject of the government. He's no longer a citizen. I think that gives too much weight to a standard weapons restriction on a felony conviction. He just kept emphasizing these unremarkable collateral consequences of being a felon and then failed to give any weight at all or any consideration at all to general deterrence. What's going to happen? I get the district court really likes this guy, but what about all the other police officers and whether they will be deterred? And so it's not just that I might hypothetically have come to a different number. It's that I see some like real problems with the way the district court thought about this sentence. What do I do about that? So your honor, I will not say that I agree with those concerns, but if you have them, I think the way to address them is through a procedural rather than a substantive analysis. I think it would be to say too much weight was given to this factor because it is unexceptional. It's a common circumstance in these cases. The court needs to give less weight, send it back to the court to reanalyze. The idea that this court should be sending a message to the district court through some kind of alternative holding on substantive reasonless, I think is a bad idea for a few reasons. Well, we did that in Engle, right? Isn't that what we did in Engle? And other courts have done that. They've said that the sentence is procedurally unreasonable, but just, you know, like there's no point in everybody spinning their wheels. Let us also say a few words about substantive reasonableness, you know, so the system operates a little more efficiently. Your honor, I acknowledge that other courts and perhaps Engle may have taken that kind of approach. I don't think it's a good idea because it does entrench on what is understood to be the I agree that Judge Mullen in this case may well have not been quite as articulate as he should have been in explaining his reasons why he believed that this particular defendant, Mr. George, based on the particular circumstances in his case, is someone who deserves a sentence of probation as opposed to a custodial sentence. I don't think this court should at this stage say that there is no possible set of explanations that would justify a probation only sentence. I do think that he should have, Judge Mullen should have an opportunity if this court disagrees with what he has done to better explain himself, given that he is the one who sat through this trial, who was able to see Mr. George's testimony and evaluate his credibility in a way that this court wasn't able to do. So I would urge the court to stop with the procedural reasonableness. Did there need to be an explanation by the district court for releasing him from probation on June 11th of this year? Yes, your honor. I think there, so I note a couple of things about that. His, the pro se filing noted two important intervening facts that had occurred. The first is that he had maintained compliance with all of the conditions of his probation for the 20 months that he'd been on release and the second that he had been able to pay the restitution in full. So those are two intervening circumstances that the court was allowed under 3564 to consider. That statute provides the court with the ability after a year of probation to terminate early if justified by the 3553a factors. And I would note that the government in this case did not file a notice of appeal from that determination. That is a second and subsequent sentencing determination on which the government chose not to appeal. So I do think that is a problem that the government has in this case is that that determination simply isn't before this court. It hasn't been appealed. Counsel, can I bring you back? If you can clarify something for me, you said in response to my sort of hypothetical questions, look, if there's an issue with the explanation, that's like a procedural thing, not a substantive thing. And we should view it that way. And I totally understand what you're saying. And I'm hoping you can help me out here. That makes sense to me. But a bunch of our cases on substantive reasonableness do almost, there's some blending, like they do speak almost in procedural terms, like it's substantively unreasonable because the judge hasn't justified it. There's not an explanation given by the judge that would justify it. And so we shift that over into substantive reasonableness. And as I'm sure some members of our court have sort of raised this issue. Substantive is supposed to be different than procedural. But given that a lot of our case law does put this kind of explanation issue over under substantive reasonableness, you think we could write an opinion saying what we have here doesn't justify this sentence, but call that a procedural problem? Yes, Your Honor. And I agree that this court's precedent in the substantive area hasn't been particularly clear. And I think if the court thinks that Judge Mullen gave undue weight to these factors, as you articulated, Judge Harris, this opinion might be a good opportunity for the court to clarify that that kind of error at sentencing is properly characterized as procedural and remand for that reason. I don't think there is a case that is really clear in terms of making that divide between the types of errors that are procedural versus substantive. I do think that the explanation errors fit more comfortably under a procedural rubric. And I would encourage the court, if it's going to go that way, to use this case to be able to clarify the law in that respect. And to give, again, Judge Mullen an opportunity to explain what I think he didn't articulate as well as he should have in terms of the particular circumstances of Mr. George that would justify a probationary sentence. Because I acknowledge that the court's concerns and the government's argument that some of the things here seem like common circumstances. But I think Judge Mullen really had in mind a much more case-specific, individual-specific analysis. Thank you, Mr. Carpenter. Ms. Wong, you have some time in reply if you want to use it. Yes, thank you. I'd like to address the restitution issue first before I get into procedural, substantive, and reasonableness. With respect to the payment of the restitution award, the fact that he paid it doesn't have any effect on whether his original sentence was unreasonable to begin with. And if he had been incarcerated, had he paid his restitution award, he wouldn't have been entitled to early release. Moreover, many courts agreed that compliance with the probation conditions abiding by law, paying a restitution award, wouldn't justify early termination of probation. All those things are just things that a defendant are expected to do. So if those reasons are not reasons to justify early termination of probation, it can hardly resuscitate an unreasonable sentence. And with respect to why the government didn't file a notice of appeal of the early termination, we didn't think we had to because the sentence is procedurally, substantively unreasonable. The court can vacate the sentence and remand for resentencing, and that should take care of that. And then with respect to procedural unreasonableness, we would just reiterate that the district court's finding that George lost his trip on his funeral was contrary to the evidence and the jury verdict. And of course, that erroneous facts also weigh in the substantive reasonable argument as well. And my friend tried to paint George as an outlier defendant in 242 cases, but that's actually not true. And if he's even an outlier in 242 cases, it's that this case is actually distinguished from a good portion of 242 cases because he used unreasonable force on a victim who was restrained, and he caused her so many injuries that she suffered serious bodily injury. So on the whole, we think the sentence doesn't reflect the seriousness of the offense, and it doesn't provide any deterrence to other officers. Unless the court has any questions, we will rest on our briefs. Does the judge have a question? Yes. No. Well, thank you both for very good arguments. As you know, we have the custom of coming down and shaking your hand, but we're virtually, so we'll just have to do a high five or a virtual handshake with you. Hopefully we'll see y'all in Richmond sometime as early as December. Have a nice day. Thank you.
judges: Henry F. Floyd, Stephanie D. Thacker, Pamela A. Harris